IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:07-CV-57-H

THE MINEO CORPORATION, THE )
MINEO CORPORATION EMPLOYEE )
WELFARE BENEFIT PLAN, )
FRANCESCO MINEO and BEVERLY )
MINEO, )
 )
    Plaintiffs, )
 )
 )
 )
 )
v. )    **ORDER**
 )
 )
 )
 )
PHILIP D. ROWE, JUDI CARSRUD, )
NICHE MARKETING, INC., NICHE )
PLAN SPONSORS, INC. and 419 )
TRUST ADMINISTRATORS, INC., )
 )
    Defendants. )

This matter is before the court on plaintiffs' motion for default judgment against defendants Philip D. Rowe, Judi Carsrud, Niche Marketing, Inc., Niche Plan Sponsors, Inc., and 419 Trust Administrators, Inc. A hearing was held on plaintiffs' motion on January 13, 2011. Present at the hearing were plaintiff Francesco Mineo and counsel for the plaintiffs.

## BACKGROUND

This action concerns a multiple employer welfare benefit plan marketed as the National Benefit Plan & Trust ("the plan"). Plaintiffs brought this action against the individuals and entities involved in marketing the Plan, alleging that plaintiffs were induced to participate in the plan by the defendants' representations that participating employers could deduct their contributions and that employees would receive tax-favored severance benefits -- representations that turned out to be false and that the defendants knew to be false or at least highly suspect at the time made. Plaintiffs assert that the IRS conducted an audit and found the plan was not tax deductible, resulting in significant tax consequences to plaintiffs, including the assessment of back taxes, interest, and penalties.

Claims against American General Life Insurance Company, Bryan Cave, LLP and Richard C. Smith have previously been dismissed, and the only parties remaining as defendants to this action are Philip D. Rowe, Judi Carsrud, Niche Marketing, Inc., Niche Plan Sponsors, Inc., and 419 Trust Administrators, Inc. (collectively "the Niche defendants"). Although the Niche defendants filed a motion to dismiss plaintiffs' claims, they have not answered plaintiffs' complaint and have made no appearance following the denial of their motion to dismiss. On November 2, 2009, counsel for the Niche

defendants was allowed to withdraw, and default was entered against them.[1] Plaintiffs now seek default judgment against the Niche defendants.

## COURT'S DISCUSSION

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes the court to enter default judgment against a party where default has been entered upon the party's failure to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). Upon default, the well-pleaded facts alleged in the complaint are deemed admitted. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). However, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Id. (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Judgment may be entered only if the allegations support the relief sought. DIRECTV, Inc. v. Pernites, 200 Fed. App'x 257, 258 (4th Cir. 2006).

---

[1] Counsel's motion to withdraw indicated that the Niche defendants did not intend to further defend the action and consented to the entry of default against them. (Mot. Withdraw Counsel DE #87.)

3

A.  ERISA claims

The facts alleged in plaintiffs' complaint support a claim for relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"), and default judgment is appropriate as to this claim. Plaintiffs having demonstrated at the hearing of this matter that they sustained compensatory damages of $172,733.10 as a result of the ERISA violations, judgment is entered against the Niche defendants in that amount as to plaintiffs' ERISA claims.

B.  State-law claims

Default judgment is not appropriate as to plaintiffs' state-law claims, however. As set forth in this court's September 16, 2009, order, all of plaintiffs' state-law claims arise out of and concern the same conduct as their ERISA claims. As a matter of law, they are preempted by ERISA. See 29 U.S.C. § 1144(a) ("[T]he provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [governed by ERISA]."); FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990) ("The pre-emption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." (alteration in original)). The well-pleaded allegations of plaintiffs' complaint, although admitted by the Niche defendants

4

upon their default, do not support a claim for relief under state law because they are preempted by ERISA. Accordingly, plaintiffs' motion for default judgment as to the state-law claims and their corresponding request for treble damages must be denied.

C.  Attorney's Fees & Costs

Having determined that plaintiffs are entitled to default judgment on their ERISA claims, the court finds that plaintiffs are eligible to recover their litigation costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, as well as reasonable attorney's fees and other expenses under 29 U.S.C. § 1132(g)(1). See Fed. R. Civ. P. 54(d)(1) (establishing presumption in favor of awarding costs to prevailing party); Williams v. Metropolitan Life Ins. Co., 609 F.3d 622 (4th Cir. 2010) ("In an ERISA action, a district court may, in its discretion, award costs and reasonable attorney's fees to either party under 29 U.S.C. § 1132(g)(1), so long as that party has achieved 'some degree of success on the merits.'" (quoting Hardt v. Reliance Std. Life Ins. Co., 130 S.Ct. 2149 (2010))). Costs include such expenses as filing and service fees and transcript costs and are taxed by the clerk upon submission of a bill of costs. 28 U.S.C. §1920; Fed. R. Civ. P. 54(d)(1). A claim for attorney's fees and expenses not taxable by the clerk must be made by motion pursuant to Rule 54(d)(2).

5

At the hearing on plaintiffs' motion, the court held in abeyance plaintiffs' request for attorney's fees and directed counsel to present an itemized statement in support of their request on or before February 7, 2011. On February 7, 2011, counsel submitted a memorandum requesting an award of $304,982.29 in attorney's fees, costs and other expenses against the Niche defendants. In support of their request, plaintiffs have submitted affidavits from their attorneys in New Jersey and Local Civil Rule 83.1 Counsel, as well as an affidavit from a certified public accountant hired to assist with the IRS audit and to provide litigation assistance in this matter. Although counsel submitted a list of hours expended and the costs and other expenses incurred on particular dates, the information submitted provides no description of the services provided or expenses incurred. Additionally, plaintiffs appear to be requesting reimbursement of attorney's fees and expenses incurred in connection with litigation in North Carolina state court but have provided no information concerning that litigation or any basis for recovery of those fees and expenses.

"The starting point for establishing the proper amount of an [attorney fee] award" is the lodestar amount - "the number of hours reasonably expended, multiplied by a reasonable hourly rate." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994). Because plaintiffs' documentation fails to include the information

6

needed for this court to make its lodestar determination, plaintiffs' request for attorney's fees and expenses is DENIED without prejudice. Plaintiffs may renew their request within the time permitted by Rule 54(d)(2). Any requests for costs of this action should be directed to the clerk pursuant to Rule 54(d)(1) and this court's local rules.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for default judgment is GRANTED in part and DENIED in part. The clerk is directed to enter judgment in favor of plaintiffs and against the Niche defendants in the amount of $172,733.10 on plaintiffs' ERISA claim. Plaintiffs' request for attorney's fees and expenses is DENIED without prejudice.

This 3rd day of March 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville
#31