IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:07-CV-57-H

THE MINEO CORPORATION, THE )
MINEO CORPORATION EMPLOYEE )
WELFARE BENEFIT PLAN, )
FRANCESCO MINEO and BEVERLY )
MINEO, )
           )
  Plaintiffs     )
           )  **ORDER**
           )
  v.         )
           )
           )
PHILIP D. ROWE, JUDI CARSRUD, )
NICHE MARKETING, INC., NICHE )
PLAN SPONSORS, INC. and 419 )
TRUST ADMINISTRATORS, INC. )
           )
  Defendants.    )

This matter is before the court on plaintiffs' motion for award of attorneys' fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure.

**BACKGROUND**

This action concerns a multiple employer benefit plan marketed as the National Benefit Plan & Trust (the "Plan"). Plaintiffs filed suit against the individuals and corporate entities which created, marketed and administered the Plan. Claims against American General Life Insurance Company, LLP and Richard C. Smith were dismissed, and default judgment was entered against the remaining defendants, Philip D. Rowe, Judi Carsrud, Niche Marketing, Inc., Niche Plan Sponsors, Inc., and 419 Trust Administrators, Inc. (collectively "the Niche

defendants") on plaintiffs' Employee Retirement Income Security Act ("ERISA") claims. Plaintiffs' initial request for attorneys' fees was denied without prejudice on March 4, 2011.

On March 18, 2011, plaintiffs filed the motion presently before the court seeking an award of attorneys' fees. Plaintiffs submitted evidence they incurred $249,905.25 in attorneys' fees from the law firms of Huff, Poole and Mahoney, P.C. and Archer & Greiner, P.C. related to the instant litigation. Pursuant to a confidential settlement agreement, Plaintiffs have recovered $157,176.82 from a party other than the Niche defendants as reimbursement for attorneys' fees. Therefore, Plaintiffs are now seeking an award of the remaining attorneys' fees from the Niche defendants in the amount of $92,728.43. There has been no opposition to the motion for attorneys' fees filed by or on behalf of the Niche defendants.

## COURT'S DISCUSSION

Since the court previously entered default judgment against the Niche defendants, plaintiffs are eligible to recover their litigation costs and attorneys' fees pursuant to Rule 54 of the Federal Rules of Civil Procedure and ERISA. 29 U.S.C. § 1132(g)(1); see also, Williams v. Metropolitan Life Ins. Co., 609 F.3d 622 (4th Cir. 2010). "The starting point for establishing the proper amount of an [attorney fee] award is the lodestar amount - the amount of hours reasonably expended, multiplied by a reasonable hourly rate." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994). Here, plaintiffs submitted to the court the number of hours expended by every attorney and paralegal and their hourly rates which was

2

supported by affidavits and spreadsheets. The court finds the total hours expended and rates charged by plaintiffs' attorneys were reasonable given the complex nature of this case, the experience and ability of the attorneys involved and the results obtained. Plaintiffs having demonstrated they incurred reasonable attorneys' fees for which they have not been otherwise compensated in the amount of $92,728.43 an award of attorneys' fees is entered against the Niche defendants in that amount.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for award of attorneys' fees is GRANTED. The clerk is directed to enter judgment in favor of plaintiffs and against the Niche defendants in the amount of $92,728.43 as an award of attorneys' fees.

This 8th day of September 2011.

MALCOLM J. HOWARD
Senior United States District Judge